IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION



**FILED**

**August 21, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03-C-01-9607-CR-00251 |
| APPELLEE, | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Ray L. Jenkins, Judge |
| JEFFREY EUGENE DUNLAP, | ) | |
| | ) | (Burglary) |
| APPELLANT. | ) | |

FOR THE APPELLANT:

William C. Talman
P. O. Box 506
Knoxville, TN  37901-0506
(On Appeal and At Trial)

Leslie M. Jeffress
1776 Riverview Tower
900 South Gay Street
Knoxville, TN  37902
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN  37243-0497

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Randall E. Nichols
District Attorney General
P. O. Box 1468
Knoxville, TN  37901-1468

Robert L. Jolley, Jr.
Assistant District Attorney General
P. O. Box 1468
Knoxville, TN  37901-1468

Sally Jo Helm
Assistant District Attorney General
P. O. Box 1468
Knoxville, TN  37901-1468

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Jeffrey Eugene Dunlap (defendant), was convicted of burglary, a class D felony, by a jury of his peers. The trial court sentenced the defendant to confinement for twelve (12) years in the Department of Correction as a career offender. In this appeal, the defendant claims the evidence was insufficient to support his conviction and the sentence imposed was excessive. As both contentions are without merit, the judgment of the trial court is affirmed.

On the evening of May 16, 1993, Patrolman Kenneth Robertson responded to a call instructing him to go to the Mugford Pharmacy at 4013 Martin Mill in Knoxville. When Officer Robertson arrived at the pharmacy, he saw two black males standing inside the pharmacy. A bay window had been broken. The men were holding boxes. As soon as the officer arrived at the pharmacy, the men exited the building and fled on foot.

The officer pursued the two men. He apprehended the defendant behind the building. The other suspect was not apprehended. The officer testified he followed the defendant from the time he fled the store until he was apprehended. He never lost sight of the defendant.

Approximately $1,000 worth of merchandise had been placed in boxes. Some of the merchandise contained in the boxes was inside the store. Other merchandise had been moved outside. The manager testified approximately $900 worth of pills were found outside the building and had to be destroyed. The manager further testified he did not authorize anyone to break out the bay window or take or move any of the merchandise in question.

## I.

The appellant contends the evidence is insufficient to support his conviction. He argues the state did not prove he had actually stolen merchandise or intended to steal any merchandise from the pharmacy.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support

1

the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

In this case, the state was required to prove beyond a reasonable doubt (a) the defendant entered a building other than a habitation, which was not open to the public, (b) with the intent to commit larceny. Tenn. Code Ann. § 39-14-402. The defendant was seen inside a building which was not open to the public. The manager of the building

testified he had given no one permission to enter. The defendant's intent to commit larceny may be inferred from the surrounding circumstances. See Duchac v. State, 505 S.W.2d 237, 240 (Tenn. 1973), cert. denied, 419 U.S. 877, 95 S.Ct. 141, 42 L.Ed.2d 117 (1974). Packaging items which the defendant neither owned, nor had permission to take from the pharmacy, in the middle of the night, in front of a broken window constitute circumstances from which an intent to commit larceny may be fairly drawn. Some of the merchandise had been placed outside the building. Additionally, the defendant's flight is evidence from which a conclusion of guilt may be drawn. State v. Zagorski, 701 S.W.2d 808, 813 (Tenn. 1985), cert. denied 478 U.S. 1010, 106 S.Ct. 3309, 92 L.Ed.2d 722 (1986).

This issue is without merit.


## II.

The defendant contends the sentence is excessive. The court found the defendant had at least eleven prior felony conviction. Since the offense was a Class D felony, the defendant was properly sentenced as a career offender to the maximum Range III sentence, twelve years. See Tenn. Code Ann. §§ 40-35-108(a)(3) and -108(c).[1] No presentence report appears in the record. The lack of a report impairs this Court's ability to conduct a full de novo review of the sentence imposed.

_____
JOE B. JONES, PRESIDING JUDGE

_____

[1]The record contains discussions about the prior convictions between the trial judge and the attorneys. However, the record does not contain copies of the judgment forms or a presentence report indicating prior convictions. In this appeal, however, the defendant does not challenge the judge's reliance on the prior convictions.

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
CURWOOD WITT, JUDGE