# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 13, 2003

## STATE OF TENNESSEE v. REGINALD D. HUGHES

**Appeal from the Circuit Court for Williamson County**
**No. I-502-180    Donald P. Harris, Judge**

---

### No. M2003-00543-CCA-R3-CD - Filed November 21, 2003

---

The Appellant, Reginald D. Hughes, was convicted by a Williamson County jury of felony evading arrest and misdemeanor possession of cocaine. As a result of these convictions, Hughes was sentenced as a Range III persistent offender to an effective sentence of five years in the Department of Correction. The single issue presented for our review is whether the evidence was sufficient to support the verdicts. After review of the record, we find the evidence sufficient and affirm the judgment of the trial court.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Fannie J. Harris, Smith, Hirsch, Blackshear & Harris, Nashville, Tennessee, for the Appellant, Reginald D. Hughes.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth T. Ryan, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mary Katharine White, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On the afternoon of April 11, 2002, four officers with the Franklin Police Department were on bicycle patrol on Natchez Street. After hearing "a loud bass sound," which they believed to be in violation of a Franklin noise ordinance, the four officers moved forward to the edge of the street to investigate. They observed a white SUV, the only vehicle on the street, approaching them. The officers, all in uniform, raised their hands and yelled, "Stop! Police!," in an attempt to stop the moving vehicle. The three officers, who testified at trial, stated that, as the SUV was parallel with

them, the Appellant looked over at them with a shocked or surprised look on his face. The Appellant then increased his speed and continued down the street. The four officers pursued the vehicle, with at least two of the bicycle sirens activated, still ordering the Appellant to stop. The Appellant continued on his course, ran one stop sign, and turned onto Strahl Street, at which time the officers lost sight of the vehicle.

Patrol Officer Legieza, responding to the bicycle officers' call for assistance, spotted the SUV and turned his patrol car onto Strahl Street. As he turned onto the street, he noticed that the Appellant had parked his SUV on the wrong side of the street. He testified that he saw the Appellant, who was approximately two feet from his SUV, running in between two houses. The Appellant had left the engine running and the driver's side door open. As Officer Legieza exited his patrol car, the Appellant immediately began walking back towards him with his arms raised. The four bicycle officers arrived and witnessed the Appellant walking from the area between the houses with his arms raised. The Appellant was placed in custody.

Officer Taylor began a search of the area and discovered a plastic bag of what was later determined to be 3.4 grams of cocaine on the ground in the area that the Appellant had been seen walking away from. The bag was not covered with any debris despite being found in a pile of leaves.

On May 13, 2002, a Williamson County grand jury returned a two-count indictment charging the Appellant with one count of felony evading arrest and one count of misdemeanor possession of cocaine. After a jury trial, the Appellant was convicted as charged. A sentencing hearing was held on November 26, 2002, and the Appellant was sentenced, as a Range III persistent offender, to five years for felony evading arrest, which was ordered to run concurrent with an eleven-month and twenty-nine-day sentence for misdemeanor possession of cocaine. The Appellant's motion for new trial was denied, with this appeal following.

**Analysis**

The sole issue raised by the Appellant on appeal is the sufficiency of the evidence supporting his convictions for felony evading arrest and misdemeanor possession of cocaine. In considering this issue, we apply the rule that, where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Although a conviction may be based entirely upon circumstantial evidence, *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1974), in such cases, the facts must be "so clearly interwoven and connected that the finger of guilt is pointed unerringly at the Defendant and the Defendant alone." *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991) (citation omitted). However, as in the case of direct evidence, the weight to be given circumstantial evidence and "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958) (citations omitted).

## A. Felony Evading Arrest

The Appellant was convicted of evading arrest, a class E felony, pursuant to Tennessee Code Annotated § 39-16-603(b), which defines this offense as follows:

> It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop.

Tenn. Code Ann. § 39-16-603(b) (1)(1997). Thus, to sustain the conviction, the evidence presented at trial must have shown, beyond a reasonable doubt, that the Appellant: (1) was operating a motor vehicle; (2) on a street in this state; (3) received a signal from a law enforcement officer to bring his vehicle to a stop; and (4) intentionally fled or attempted to elude the officer.

The Appellant does not argue that the State failed to establish each of the elements of felony evading arrest, and we agree that each element was sufficiently established by the proof presented. Rather, he relies on section (b)(2) of the statute, which provides that "[i]t is a defense to prosecution under this subsection that the attempted arrest was unlawful." Tenn. Code Ann. § 39-16-603(b)(2). As such, he argues that "the State failed to prove beyond a reasonable doubt that the officers were attempting to lawfully arrest the [Appellant] when he failed to stop his vehicle." His argument on appeal rests on the ground that the officers had no warrant for an arrest and that a violation of the noise ordinance did not authorize an arrest. The Appellant's argument is misplaced. Section (b)(2) does provide a statutory defense to a charge of felony evading arrest. However, for a defendant to rely upon this section as a defense, it must be fairly raised by the proof at trial and submitted to the

jury for its determination. Tenn. Code Ann. § 39-11-203(a)-(d) (2003). The record before us demonstrates that the Appellant did not rely upon this statutory defense at trial and presented no proof to support its existence. Accordingly, the jury was not instructed upon this defense. Because this defense was not presented for determination in the lower court, it may not be raised for the first time on appeal. Tenn. R. App. P. 36(a). Moreover, an appellant may not change theories from the trial court to the appellate record. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001).

## B. Possession of Cocaine

The Appellant also alleges that his conviction for simple possession of cocaine, a class A misdemeanor, was not supported by the evidence. Specifically, the Appellant argues that, under a theory of constructive possession, the evidence was insufficient to support the conviction. He asserts that the State relied only upon evidence that he came from the area where the drugs were found and his mere presence in that location is insufficient proof. He argues that the State failed to prove that he exercised the requisite "dominion and control" over the drugs. We disagree.

To convict in this case, the State was required to prove that the Appellant knowingly possessed a controlled substance. Tenn. Code Ann. § 39-17-418(a) (1997). There is no dispute as to the nature of the substance found in the bag, as both the State and the Appellant stipulated that the bag contained 3.4 grams of cocaine, a schedule II controlled substance.

A conviction for the possession of drugs may be based upon either actual or constructive possession. *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). In discussing the nature of constructive possession, this court has stated that, before a person can be found to constructively possess drugs, it must appear that the person has "the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others." *State v. Transou*, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996) (citation omitted). Mere presence in the area where the drugs are discovered is not, standing alone, sufficient to support a conviction for possession. *Id.*

The element of knowledge of the presence of a controlled substance, for purposes of unlawful possession, is oftentimes not susceptible to direct proof. However, knowledge may be circumstantially proven by evidence of acts, statements, or conduct. *Id.* After examination of the entire record, we conclude that the circumstantial proof was sufficient for a rational jury to find that the Appellant constructively possessed cocaine.

Here the proof established that the Appellant attempted to elude police as they attempted to stop his vehicle. He was then seen running from his vehicle to the area where the bag of cocaine was found. After running between the two houses, he immediately turned and approached the officer with his arms raised. The drugs were found in an area where officers testified that they saw no other people. The officers stated that two individuals, the owner of the house, and his guest, were in their cars in the driveway at the time. However, the officers did not see either of these individuals in the

immediate vicinity where the drugs were found. Finally, the drugs were found in a plastic bag that was located on top of debris. We find this evidence sufficient to support the conviction.

## CONCLUSION

For the foregoing reasons, we conclude that the evidence was legally sufficient to support the Appellant's convictions for felony evading arrest and misdemeanor possession of cocaine. Accordingly, the judgment of the Williamson County Circuit Court is affirmed.

_____

DAVID G. HAYES, JUDGE