# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 12, 2005

## STATE OF TENNESSEE v. BOBBY SHANE HURLEY

**Appeal from the Circuit Court for Hardin County**
**No. 8341    C. Creed McGinley, Judge**

---

**No. W2004-02487-CCA-R3-CD  - Filed September 14, 2005**

---

Convicted by a jury of possession of cocaine with intent to manufacture, sell, or deliver, a Class B felony, and sentenced to a Department of Correction term of ten years as a Range I offender, the defendant, Bobby Shane Hurley, appeals, challenging the sufficiency of the evidence, the severity of his sentence, and the failure of the trial court to grant a sentencing alternative to incarceration. We affirm the judgment of the trial court

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Guy T. Wilkinson, District Public Defender; and Richard DeBerry, Assistant District Public Defender, for the Appellant, Bobby Shane Hurley.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The evidence presented at trial showed that on February 18, 2004, an agent of the 24th Judicial District drug task force and Savannah police officers executed a search warrant at the residence of Gloria A. Porter in Hardin County.  They found the defendant, Ms. Porter, Jackie Porter (Gloria A. Porter's son), Marguerita Wallace, and one other person seated at the kitchen table.  When the officers instructed the occupants to raise their hands, the defendant stood.  Two officers and Ms. Wallace saw an object drop to the floor beside the defendant.  The object was shown to be a bag containing crack cocaine.

The defendant testified that he went to the Porter home on February 18, 2004, upon Jackie Porter's invitation and that he did so to see Marguerita Wallace.  He testified that he

possessed no drugs that evening and that he did not go there for the purpose of acquiring any drugs. He denied that he dropped a bag of cocaine on the floor.

The officers found two other bags of crack cocaine and two bags of marijuana in a chair, underneath the person of Jackie Porter. The defendant, Gloria A. Porter, and Jackie Porter were charged with possession of the cocaine with intent to manufacture, sell, or deliver and with possession of marijuana. No other persons were charged with offenses. Jackie Porter apparently pleaded guilty prior to the joint trial of the defendant and Gloria A. Porter. Although the jury convicted Gloria A. Porter of both counts, this court has determined on Ms. Porter's direct appeal that the evidence was insufficient to convict her on either count. *See State v. Gloria A. Porter*, No. W2004-02464-CCA-R3-CD (Tenn. Crim. App., Jackson, Aug. ___, 2005). The jury acquitted the defendant of possession of marijuana but convicted him of possession of cocaine with intent to manufacture, sell, or deliver.

The presentence report showed that the defendant had previously been convicted of the following offenses: marijuana possession and two counts of contributing to the delinquency of a minor in 2002; and possession of a weapon with intent to go armed, possession of schedule II drugs, assault, resisting arrest, and criminal trespass in 1998. The court sentenced him as a Range I offender to a mid-range sentence of ten years in the Department of Correction.

In his first issue on appeal, the defendant claims that the evidence is legally insufficient to show that he possessed cocaine.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *Winters*, 137 S.W.3d at 654.

Although a criminal offense may be established exclusively by circumstantial evidence, *Duchac v. State*, 505 S.W.2d 237 (Tenn. 1973), an accused may be convicted exclusively on circumstantial evidence only when the facts and circumstances are so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, *State v. Crawford*, 225 Tenn. 478, 482, 470 S.W.2d 610, 612 (1971). In other words, "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." *Crawford*, 470 S.W.2d at 613.

In determining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Winters*, 137 S.W.3d at 655. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as

well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Cabbage*, 571 S.W.2d at 835.

In the present case, one officer testified that the defendant kept moving his hands downward, despite the officer's instructions for him to keep his hands raised. Although no one saw the bag of cocaine in the defendant's hand, witnesses testified that the bag of crack cocaine dropped to the floor where the defendant stood during his encounter with the police officer. The jury was justified in inferring from this evidence that the defendant possessed the cocaine found on the floor. As circumstantial evidence, it excludes every reasonable hypothesis except for the guilt of the defendant.

In his second issue, the defendant claims that the trial court imposed an excessive sentence. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appellant. *Ashby*, 823 S.W.2d at 169. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id.* If appellate review, however, reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The mechanics of arriving at an appropriate sentence are spelled out in the Criminal Sentencing Reform Act of 1989. At the conclusion of the sentencing hearing, the trial court determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b) (2003); *id.* § 40-35-103(5); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the present case, the court applied enhancement factor (2), that the defendant has a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the range, *see* Tenn. Code Ann. § 40-35-114(2) (2003), and enhanced the sentence from the presumptive minimum sentence of eight years, *see id.* §§ 40-35-111(b)(2), -112 (a)(2), -210(c), to a mid-range sentence of ten years.

The defendant essentially claims that the trial court over-weighed his prior criminal record in imposing a ten-year sentence. The weight to be afforded an enhancement factor is entrusted to the trial court's discretion so long as the court "complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." *State v. Martin*, 146 S.W.3d 64, 69 (Tenn. Crim. App. 2004) (citing Tenn. Code Ann. § 40-35-210, Sentencing Commission Cmts.); *State v. Moss*, 727 S.W.2d 229, 237 (Tenn. 1986). In the present case, the trial court did not elucidate its reliance upon the sentencing purposes and principles, and we do not afford its judgment a presumption of correctness; nevertheless, the two-year enhancement of the sentence is easily justified by the defendant's record of criminal convictions. We hold that the trial court did not err in imposing a sentence of ten years.

Finally, the defendant claims that the trial court erred in failing to award him an alternative sentence. Due to the failure to cite to authority or to the appellate record, however, this claim on appeal is waived. *See* R. Tenn. Ct. Crim. App. 10(b). We observe, nevertheless, that the absence of citation to authority may well be attributed to an absence of authority to support the defendant's claim to probation or other alternative sentence. Having received a ten-year sentence, he was ineligible for probation. Tenn. Code Ann. § 40-35-303(a) (2003) (providing that only defendants receiving sentences of eight years or less are eligible for probation). Furthermore, as the recipient of a Class B felony conviction, the defendant enjoyed no statutory presumption of favorable candidacy for other sentencing alternatives. *See id.* § 40-35-102(6) (limiting presumption of favorable candidacy for alternative sentencing to recipients of convictions in Class C, D, or E). In this situation, the state had no burden to justify a sentence involving incarceration. *State v. Michael W. Dinkins*, No. E2001-01711-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Apr. 26, 2002); *State v. Joshua L. Webster*, No. E1999-02203-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 4, 2000); *see* Tenn. Code Ann. § 40-35-103(1) (2003).

Discerning no error in the trial court's proceedings, we affirm the judgment.

_____
JAMES CURWOOD WITT, JR., JUDGE