HAYES McDONALD

*v.*

STATE OF TENNESSEE.

358 S.W.2d 298.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

HAL M. CLEMENTS, JR., Knoxville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The defendant below, Hayes McDonald, was convicted for possessing burglary tools and sentenced to serve eleven months and twenty-nine days in the Knox County Workhouse.

The indictment was based upon Section 39-908 T.C.A. as follows:

"Any person who carries concealed about the person any false or skeleton keys, jimmies, or any article of the kind intended for effecting secret entrance into houses, for the purpose of committing theft, or other violations of the law, is guilty of a felony, and, upon conviction, shall be sentenced to confinement in the penitentiary for a period of not less than one (1) year nor more than ten (10) years."

The record discloses that one night during August, 1960, Members of the Knoxville Police Force, about 1:10 o'clock in the morning, noticed the defendant run behind the Glidden Paint Store, where he crouched down between the back of the store and a trash can with his arms up over his face and neck. He was wearing gloves, and had a lock and key and a flash light in his pockets. Lying at his feet the officers found a bolt cutter, a screw driver

and a pry bar. The Charles Department Store is located next door to the paint store and the officers testified that the gate across the loading dock was fastened with a chain and locked.

It appears that the policemen were going East in the alley that is leading north of Wall Avenue, and they saw somebody run in behind the Glidden Paint Store and crouch down between the back of the store and a trash container sitting there.

Counsel for the defendant relies upon the case of *Trousdale et al. v. State,* 168 Tenn. 210, 76 S.W.2d 646. In that case the contention was made that no tools were found about the defendant's person, and for that reason the statute had not been violated. In reply to that contention, this Court held at page 213, 76 S.W.2d at page 647:

"If a person has these instruments available for use, and they are concealed, from a practical viewpoint it makes little difference whether they are about one's person in a satchel or suitcase which he is carrying, or concealed in the pocket of the automobile which he is driving."

In the case now before us the defendant had concealed himself and the tools he had in his possession or at his feet for the apparent purpose of breaking into the Department Store. His concealing the tools along with himself behind a trash can, would be just as much a concealing of them, as if he had them in a receptacle in his hands, and that they were just as much about his person as if they had been in a suitcase ten or twelve feet from the defendant as was true in the Trousdale case.

The trial judge gave the defendant a fair charge and stated that it was for the jury to say whether or not these tools exhibited were articles of the kind so intended.

We think the proof introduced by the State made the guilt or innocence of the defendant a question for the jury, and we cannot say that the evidence preponderates against the verdict of the jury and in favor of the innocence of the accused.

The conviction must be affirmed.

BURNETT, FELTS, WHITE, and DYER, JUSTICES, concur.