**Thomas Harold BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 26, 1969.

J. Bruce Miller, Joseph G. Glass, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Thomas Harold Brown appeals from a judgment sentencing him to two years in prison. He was convicted of possessing burglarious tools with the intention of using them burglariously, being the offense denounced by KRS 433.120(2). The sole ground urged for reversal of the conviction is that the evidence is insufficient to show that he was in possession of burglarious tools within the meaning of the above subsection of the statute.

The Commonwealth's evidence shows that during the night of April 12, 1967, while police officers were driving their patrol car on Ormsby Street in Louisville, they saw two men huddled in front of the doorway of a grocery. As the officers approached in their car they observed a tool was wedged between the two front doors of the grocery and that it was apparently being used as a lever to force them open. When the patrol car stopped the two men fled from the doorway and ran down an alley alongside the grocery. As they fled the officers heard metal striking the sidewalk, indicating articles were being discarded by them. The officers caught Thomas Harold Brown and placed him under arrest. Nothing incriminating was found on Brown's person. The other man escaped and his identity was not established. As the officers returned to the grocery from their chase of Brown, they found a screw driver and a pair of gloves in front of the doorway of the grocery and a tire iron on the sidewalk near the alley. The proprietor of the grocery confirmed the officers' testimony that there had been an attempted break-in of his store. Brown did not testify nor introduce any evidence in his defense.

In Brown's behalf it is pointed out that the officers were unwilling to state that they saw Brown in the actual possession of any of the tools that were found at the scene of the attempted break-in or that they saw Brown attempting to force open the grocery doors. It is argued that, in the absence of such testimony or of positive proof incriminating Brown, such as expert testimony showing that Brown's fingerprints were found on the tools, the trial court erred in overruling the motion for a directed verdict of acquittal.

We cannot accept the argument made in Brown's behalf because, as the Commonwealth argues, the evidence sufficiently shows that Brown had possession of burglarious tools and the jury found that he was using them burglariously. The damaged condition of the doors of the grocery showing an attempted forced entry and the fact that tools often used to burglarize were found near the grocery, coupled with the uncontradicted testimony concerning Brown's suspicious and unexplained conduct when confronted by the police, is sufficient to justify this conclusion.

As a matter of law, either actual or constructive possession of burglarious tools, accompanied by an intention to burglarize, satisfies the requirement of KRS 433.120 (2). Commonwealth v. Robinson, 242 Ky. 98, 45 S.W.2d 844. Also see Commonwealth v. Tivnon, 8 Gray (Mass.) 375, 69 Am.Dec. 248, and Roberson's New Kentucky Criminal Law and Procedure, Sections 650, 651 and 652, pp. 855–858.

The evidence is sufficient to submit the case to the jury and to sustain Brown's conviction.

The judgment is affirmed.

All concur.