David K. DUCHAC and Billie G. Robinson, Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Supreme Court of Tennessee.

Dec. 17, 1973.

Rehearing Denied Feb. 19, 1974.

Frederick J. Lewis, Jean V. Humphreys, U. T. Legal Clinic, Knoxville, for plaintiffs in error.

David M. Pack, Atty. Gen., of Tenn., William B. Hubbard, Asst. Atty. Gen., Nashville, Earle G. Murphy, Dist. Atty. Gen., pro tem., Cleveland, for defendant in error.

## OPINION

W. M. LEECH, Special Justice.

Defendants, Duchac and Robinson, were jointly tried on two separate indictments consolidated for trial. They were subsequently convicted of third degree burglary and of carrying burglarious instruments. Each of the defendants was sentenced to confinement in the state penitentiary for not less than three nor more than five years in the third degree burglary case, and to not less than one nor more than five years in the burglarious instruments case, the sentences to run consecutively. The Court of Criminal Appeals, one judge dissenting, reversed the conviction for carrying burglarious instruments, holding that a conviction of third degree burglary bars a conviction of possession of burglarious instruments. We granted certiorari to review the lower court holding.

The pertinent factual situation is as follows: On May 26, 1971, at about 2:15 A. M., a burglar alarm protecting the Coca-Cola Bottling Company's Cleveland plant sounded in the nearby home of an employee. When the employee and the police arrived at the plant a short time later, the two defendants were seen inside the lighted building armed with pistols. They fled the building by way of the back door where illegal entry had been made by

breaking a pane of glass and unlocking the door from the inside. Robinson was caught immediately after leaving the building, and Duchac was found hiding between two outbuildings a short time later. One pistol was found near Duchac, and the other on the ground outside the main building. Nothing was actually carried away because of the timely arrival of the police, however, several items were found piled up on the office floor and all the drawers and cabinets had been ransacked. In addition, an unlocked safe was opened in the office; and on the office floor was found a cutting torch with tanks, a prybar and a flashlight that did not belong to the burglarized firm. These were never seen in the actual possession of either defendant. No evidence of their actual use on this occasion was presented, except that the door to the room where the safe was had been broken open and apparently a back door that was not successfully entered had been tampered with.

In order to resolve this case, we must make two determinations. First, we must determine whether the conviction of both third degree burglary and of carrying burglarious instruments can stand. If we answer that question in the affirmative, we must then determine whether under the facts of this case and the language of T. C.A. § 39–908, the carrying of burglarious instruments is herein demonstrated. This latter question was pretermitted below.

■ Turning to the first question, the court below stated that the third degree burglary conviction barred the conviction for carrying burglarious instruments because the two convictions arose out of the same transaction and because the same proof made out both offenses. However, the majority rule and clearly the rule in Tennessee is that the "same transaction" test is not the law, rather the proper test is directed to the identity of the offense and has been called the "same evidence" test. *See, e. g.,* Harris v. State, 206 Tenn. 276, 332 S.W.2d 675 (1960); Eager v. State,

205 Tenn. 156, 325 S.W.2d 815 (1959). Simply stated the test is that:

". . . A defendant has been in jeopardy if on the first charge he could have been convicted of the offense charged in the second proceeding.

"One test of identity of offenses is whether the same evidence is required to prove them. If the same evidence is *not* required, then the fact that both charges relate to, and grow out of, one transaction, does not make a single offense where two are defined by the statutes. "If there was one act, one intent, and one volition, and the defendant has been tried on a charge based on that act, intent, and volition, no subsequent charge can be based thereon, but there is no identity of offenses if on the trial of one offense proof of some fact is required that is not necessary to be proved in the trial of the other, although some of the same acts may necessarily be proved in the trial of each." 21 Am.Jur.2d, Criminal Law, § 82.

■ Third degree burglary is defined in T.C.A. § 39–904 as "breaking and entering into a business house, outhouse, or any other house of another, other than dwelling-house, with the intent to commit a felony." In order to convict one of third degree burglary, the State must prove four distinct elements: (1) the breach, (2) the entry, (3) any house of another other than dwelling house, and (4) felonious intent. In the instant case, defendants entered the business house of another by breaking a pane of glass and unlocking the door from the inside. Thus, all the above elements are shown except that of felonious intent.

■ The intent requirement is general in nature and there is no need to prove that the intruder succeeded in carrying out the intent for which the structure was broken into. Therefore, if one breaks into the dwelling of another with the intent to commit murder or any other felony he is guilty of burglary even if he leaves without find-

ing his intended victim or without having committed any felony in the dwelling. *See* People v. Schwab, 136 Cal.App.2d 280, 288 P.2d 627 (1955); Ragland v. State, 71 Ark. 65, 70 S.W. 1039 (1902); Walker v. State, 44 Fla. 466, 32 So. 954 (1902). It is apparent from the circumstantial evidence in this case that the defendants possessed the requisite felonious intent at the moment they broke the window pane and gained entry. At that very moment, the offense of third degree burglary was committed. Thus, the Court of Criminal Appeals was correct in upholding defendants' conviction on this charge.

■ As for carrying burglarious instruments, T.C.A. § 39–908 provides:

"Any person who carries concealed about the person any false or skeleton keys, jimmies, or any article of the kind intended for effecting secret entrance into houses [or motor vehicles], for the purpose of committing theft, or other violations of the law, is guilty of a felony. . . ."

From a reading of the foregoing statute, it is evident that in the instant case none of the evidence required to prove third degree burglary is necessary to make out a case of carrying burglarious instruments. In addition, none of the evidence required to prove carrying burglarious instruments is necessary to prove commission of third degree burglary. Therefore, the mere fact that both offenses grew out of a single criminal episode does not make them a single offense in this particular case. This is not to say that under different facts and circumstances that a third degree burglary conviction could not bar a conviction for carrying burglarious instruments. The peculiar facts of each case must be examined to properly ascertain whether the conviction of one would bar the other. In the instant case we hold that the third degree burglary conviction would not bar the conviction of carrying burglarious instruments in separate trials, therefore such is not a bar here. *See* Shelley v. State, 107 Ga.

App. 736, 131 S.W.2d 135 (1963); Burch v. Commonwealth, 240 Ky. 519, 42 S.W.2d 714 (1931). *See also,* Dowdy v. State, 158 Tenn. 364, 13 S.W.2d 794 (1929).

■ Having made the foregoing determination, we turn to the previously pretermitted question whether under the facts of this case the carrying of burglarious instruments has been demonstrated. In order to convict one of carrying burglarious instruments, the State must prove three distinct elements: (1) possession of the tools in question, (2) tools of the kind intended for effecting secret entrance, and (3) the general intent to violate the law.

■ To show the first element, possession, the State must prove that the defendant had either actual or constructive possession of the tools in question. *See e. g.,* Brown v. Commonwealth, 445 S.W.2d 697 (Ky.1969); Fitzgerald v. State, 203 So.2d 511 (Fla.App.1967). In Trousdale v. State, 168 Tenn. 210, 76 S.W.2d 646 (1935), we upheld the defendants' conviction for carrying burglar's tools concealed about the person even though the tools were found in a suitcase ten or twelve feet from the defendants. The reasoning in *Trousdale* indicates that the key to possession is whether the defendant has effective control over the tools and not literal possession. This appears to be the general rule throughout the United States. See generally, Annot., 33 A.L.R. 3rd 798, 821 (1970).

In the instant case, it is clear that the tools in question were in the constructive possession of the defendants. This follows because testimony showed that the tools did not belong to the Coca-Cola Company and they were not on the office floor at the close of business. Moreover, just prior to their arrests, defendants were seen running out of the office whereupon the tools were immediately found by the police and an employee of the burglarized business. Thus, the facts and circumstances fully justify the conclusion that the defendants had effective control over the tools in

question, therefore, the requisite possession.

In proving the second element, it has generally been held that if the instruments are capable of being used in committing burglary, it is immaterial that they were originally designed and intended for a lawful purpose. *See, e. g.,* State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938 (1936); Prather v. State, 191 Ark. 903, 88 S.W.2d 851 (1935); Commonwealth v. Riley, 192 Ky. 153, 232 S.W. 630 (1921). However, where the instruments are not expressly designed or adapted for a burglarious purpose, it becomes a question for the jury to determine from the surrounding circumstances of the case whether the tools in question meet the requirements of T.C.A. § 39–908. *See* McDonald v. State, 210 Tenn. 258, 358 S.W.2d 298 (1962). In the instant case, there is sufficient evidence to justify the jury finding that the tools were burglarious instruments.

While the third element, unlawful intent, must be shown to protect those persons legally engaged in using the tools necessary for burglars, it is unnecessary to prove that the tools in question were possessed with the intent to commit any particular unlawful act. Thus, it is only necessary to prove a broad general intent to use the tools for unlawful purposes. The facts in the instant case again justify the finding of the jury that the defendants possessed burglarious instruments with the requisite, unlawful intent. Moreover, this unlawful intent can be deduced from evidence other than that necessary to convict the defendants of third degree burglary.

In conclusion, it is clear that a crime may be proven wholly by circumstantial as well as direct evidence. Marable v. State, 203 Tenn. 440, 313 S.W.2d 451 (1958). Therefore, since the evidence in the instant case is unquestionably sufficient to sustain defendants' conviction of violation of both T.C.A. § 39–908 and T.C.A. § 39–904, we reverse the Court of Criminal Appeals, sustain the judgment of the trial court, and order that the trial court's judgment be carried out.

DYER, C. J., McCANLESS, and FONES, JJ., and JENKINS, Special Justice, concur.

## OPINION ON PETITION TO REHEAR

W. M. LEECH, Special Justice.

We are petitioned to reexamine our ruling that both defendants were properly convicted of third degree burglary and possession of burglarious instruments.

In the course of reaching our decision we considered the arguments and authority now presented to us and this petition raises no new question. Our holding in the instant case simply stated is that under the unique set of facts presented therein that both convictions could stand. We reached this decision because the "same transaction" or "same episode" test is not the law in this jurisdiction. Rather, the test is whether the same evidence is necessary to prove both offenses. Herein the same evidence was not necessary, therefore, when directed to the identity of the offense, it is clear that the trial court was not in error. *See, e. g.,* Harris v. State, 206 Tenn. 276, 332 S.W.2d 675 (1960); Eager v. State, 205 Tenn. 156, 325 S.W.2d 815 (1959).

The petition to rehear is denied.