**STATE of Tennessee, Appellee,**

v.

**Leonard Ray CASEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 19, 1993.

**738**

John Pellegrin, Gallatin, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Kathy M. Principe, Sr. Counsel, Nashville, Ray Whitley, Dist. Atty. Gen., Dee Gay, Asst. Dist. Atty. Gen., Gallatin, for appellee.

## OPINION

DWYER, Judge.

Before the Court is Leonard Ray Casey who appeals as a matter of right pursuant to Rule 3(b), Tenn.R.App.P., from the judgment by the Criminal Court of Sumner County denying appellant's petition for return of confiscated property pursuant to Tenn. R.Crim.P. 41.

The record reveals that on July 9, 1991, a search warrant was executed at the residence of the appellant. As a result of the search, the appellant was charged with possession of burglary tools. The trial court ruled that the search was unlawful and the charges that had been previously filed against the appellant were thereby dismissed.

At the time of the execution of the search warrant, however, a variety of items were seized including the appellant's automobile. Subsequently, an agreement was entered into between the appellant and the State concerning all of the items that were seized except the automobile. Some items were returned to the appellant, but the majority were retained by the State.

On June 11, 1992, appellant petitioned for the return of his confiscated property. A hearing was held and, on September 18, 1992, the court entered an order denying the petition for return of property.

The proof adduced at appellant's hearing on his petition indicates that there had been burglaries at two Medicine Shoppes in Hendersonville where Schedule II drugs had been stolen in April, 1991. Police had information from an informant which led them to believe that the appellant was guilty of those offenses. The police obtained a search warrant and searched the appellant's home. Numerous items were seized from the appellant's home, including but not limited to: numerous lock-picking devices, two-way radios, welders, cutting torches, an expensive tool to cut line cables, books on how to pick locks and bypass alarms, electronic bugs and other devices.

The police also intended to search the appellant's car and asked him to open the trunk. However, the appellant explained that he had just broken the key off in the trunk the day before and therefore could not get it open. The officer looked, and a broken key was in the lock of the car. The police asked if there was anything in the trunk, and the appellant said there was nothing in it. However, upon further inspection, a toggle switch was located underneath the frame near the gas tank. If the toggle switch is flipped, the key is in the ignition and the trunk release button in the glove compartment is pushed, the trunk indeed opens.

Items found in the trunk included: two-way radios, a 200–channel programmable scanner, three manuals which give frequencies for various police departments, numerous burglary tools, two-way radios that can be attached to a belt, power regulators, items

to bypass burglary alarms, numerous other locks and very sophisticated lock-picking devices. They also found camouflage gear, large ski masks which just had eyes and mouth cut out, as well as gloves and rubbery galoshes to slip over shoes.

The car, a 1987 Pontiac Bonneville, was registered to the appellant at the Sumner County Jail.

The appellant had been sentenced in 1983 to two counts of third-degree burglary with a weapon, which were to run consecutively to a sentence out of Kentucky.

Appellant presents two issues for appellate review, one contending that the subject automobile was not a burglary tool and the second asserting that the vehicles does not fall within the applicable statute regarding forfeiture and conveyances. For purposes of appellate review, the issues can be consolidated into a single question of law.

ISSUE. Whether the trial court correctly held that the appellant's automobile should not be returned to him because it is contraband.

The State seized numerous items belonging to the appellant pursuant to a search warrant. However, for reasons not explained in the record, the criminal charges against the appellant were dismissed when the evidence was suppressed. The State and the appellant were able to come to an agreement with regard to most of the property seized by the State, with the appellant apparently agreeing that much of it was contraband which would not be returned to him. However, the State maintained that the appellant's 1987 Bonneville, which had been specially modified, was contraband and therefore should not be returned. An evidentiary hearing was held and the trial court agreed with the State, finding that due to the modifications in the car, it was a burglary tool because of the way it was used.

Appellant now complains that there are no opinions in Tennessee in which an automobile is classified as a burglary tool. Appellant acknowledges that an item in and of itself may not be a burglary tool, however, it may become one when it is adapted for a burglarious purpose. *See Duchac v. State,* 505 S.W.2d 237 (Tenn.1973).

We agree with the State that T.C.A. § 40–33–101 is not controlling here because there has been no final judgment of conviction. We do not agree with the State that the automobile was contraband, Tenn.R.Crim. Pro. 41(b)(2), and therefore subject to seizure. In the first instance, no crime or crimes for which the automobile could be classified as a burglary tool is found in this record. We are not in agreement with the State's argument that the toggle switch modification, per se, makes it a burglary tool. Its use, in the absence of a crime being proven here, did not thereby convert it into a burglary tool. *Duchac v. State,* 505 S.W.2d at 241.

The State argues that if it had been used in a burglary, the toggle switch could effectively prevent the discovery of contraband from a burglary. The State's argument, however, would have credence only if here the crime of burglary had been proven. In its absence, we respectfully disagree with the trial court and remand the record so the automobile may be returned to its owner. The trial court's judgment is accordingly reversed.

JONES, J., and L. TERRY LAFFERTY, Special Judge, concur.