IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 26, 2005 Session

## STATE OF TENNESSEE v. ROBERT G. LANEY

**Appeal from the Criminal Court for Davidson County**
**No. 2004-C-1980     Seth Norman, Judge**

---

**No. M2005-00502-CCA-R3-CD - Filed November 30, 2005**

---

Aggrieved of his Davidson County Criminal Court conviction of driving under the influence (DUI), a class A misdemeanor, the defendant, Robert G. Laney, appeals and claims only that the evidence of his physical control of the motor vehicle was insufficient to support his conviction. We disagree and affirm the conviction.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Edward Gross, Nashville, Tennessee, for the Appellant, Robert G. Laney.

Paul G. Summers, Attorney General & Reporter; Preston Shipp, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Scott McMurtry, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

In a bench trial, a veteran Metro Nashville police officer testified that on February 26, 2003, at approximately 3:15 a.m., he saw a white Corvette occupied by two people, parked and blocking the entrance to the Best Western Hotel on Division Street. The two people were engaged in a "pretty obvious," "heated," and "animated" argument. The officer testified that he pulled his cruiser in behind the Corvette. The Corvette's engine was running, and the defendant exited the Corvette from the driver's side and approached the officer, who remained in the cruiser. The defendant explained that he was arguing with his girlfriend and could not calm her.

The officer testified, "[A]s I was talking to him, I detected an obvious odor of alcohol." Upon observing that the defendant had bloodshot eyes and was very talkative, the officer requested that the defendant take field sobriety tests. He testified that the defendant then took, and failed, the horizontal gaze nystagmus, walk-and-turn, and one-legged-stand tests. The officer

narrated the defendant's deficient performances on the walk-and-turn and one-legged-stand tests. Based upon the defendant's failure of the field sobriety tests, the officer determined that the defendant was impaired and unable to legally operate a motor vehicle. The defendant declined to take a breath-alcohol test. The officer arrested the defendant for DUI.

Karen Brooks testified that, on February 26, 2003, she and the defendant had driven to Nashville from Miami for her to record songs that either she or she and the defendant had written, that they were registered guests at a hotel across the street from the Best Western on Division Street, and that she and the defendant were occupying the defendant's Corvette when the officer drove up.

According to Ms. Brooks, prior to the couple's encounter with the police officer, they had attended a recording session in Hendersonville. In the recording session, Ms. Brooks became upset with the defendant because he tried to impose his opinions of how to perform the songs on her and the musicians. Ms. Brooks testified that, when the session ended, she drove the Corvette, which belonged to the defendant, back to Division Street because she was familiar with the roads and streets around Nashville. During the drive, the couple argued over the evening's events and over Ms. Brooks's decision not to stay in the hotel with the defendant that night. She testified that she parked the car at the Best Western and shut down the engine; the couple got out but continued their argument. After they stood by the car for some time, the defendant suggested that they get back into the car so they could sit down. When they did so, the defendant sat in the driver's seat and Ms. Brooks sat in the passenger seat. Ms. Brooks had retained the Corvette's keys. She testified that, after sitting in the car for some time, she "got cold [and] reached over and put the key in the car and turned it on and turned on the heater." Ms. Brooks testified that the defendant never drove the car during that evening and early morning. She testified that, when the couple re-occupied the car after standing outside, the defendant had no intention of driving the car; his purpose was to persuade Ms. Brooks to stay.

The defendant testified at trial that, although he doubted that he was intoxicated, he had consumed beer during the evening. His testimony about the couple's use of his Corvette following the recording session closely mirrored that of Ms. Jackson.

After hearing the evidence, the trial court convicted the defendant of DUI and imposed a sentence of 11 months, 29 days, to be suspended upon the completion of ten days' confinement.

On appeal, the defendant posits that the evidence is insufficient to support his conviction of DUI via physical control of a motor vehicle. We disagree.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This rule applies

to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *Winters*, 137 S.W.3d at 654.

Although a criminal offense may be established exclusively by circumstantial evidence, *Duchac v. State*, 505 S.W.2d 237 (Tenn. 1973), an accused may be convicted exclusively on circumstantial evidence only when the facts and circumstances are so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, *State v. Crawford*, 225 Tenn. 478, 482, 470 S.W.2d 610, 612 (1971). In other words, "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." *Crawford*, 470 S.W.2d at 613.
.

Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Cabbage*, 571 S.W.2d at 835.

A person commits DUI who drives or is in "physical control of any automobile or other motor driven vehicle on any of the public roads and highways . . . or while on . . . any . . . premises which is generally frequented by the public at large" while under the influence of any intoxicant. Tenn. Code Ann. § 55-10-401(a) (2004).

By alternatively defining DUI to include mere "physical control" of a motor vehicle, the legislature created a strict liability crime. *See State v. Turner*, 953 S.W.2d 213, 215 (Tenn. Crim. App. 1996). To assess whether a defendant was in physical control of a vehicle for purposes of the DUI offense, the trier of fact looks to the totality of the circumstances, including "the location of the defendant in relation to the vehicle, the whereabouts of the ignition key, . . . the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle, or the extent to which the vehicle itself is capable of being operated or moved." *State v. Lawrence*, 849 S.W.2d 761, 765 (Tenn. 1993); *see Turner*, 953 S.W.2d at 215 ("[I]n enacting the driving while intoxicated statute, the legislature desired not only to prohibit the operation of a vehicle by an intoxicated individual, but also to remove from the inebriated the option of operating a vehicle.")

In the present case, the trier of fact's finding of guilt of DUI was supported by facts showing that the defendant was intoxicated and was in a car parked in an area frequented by the public. He was seated behind the steering wheel of his own vehicle. The key was in the ignition switch, and the engine was running. These facts clearly support a finding that the defendant physically controlled the vehicle. It is immaterial that the defendant did not drive the vehicle to its parked location or that he had no intention of driving away.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE