IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## STATE OF TENNESSEE v. CARLOS BURRIS

**Appeal from the Circuit Court for Madison County**
**No. 04-798     Roy B. Morgan, Jr., Judge**

---

**No. W2006-00470-CCA-R3-CD  - Filed November 21, 2006**

---

The Appellant, Carlos Burris, was convicted by a Madison County jury of misdemeanor possession of cocaine.  On appeal, Burris argues that the evidence is insufficient to support the conviction. After review, we affirm the judgment of conviction.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Stephen P. Spracher, Assistant Public Defender, Jackson, Tennessee, for the Appellant, Carlos Burris.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Jerry Woodall, District Attorney General; and Rolf Hazlehurst, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On May 28, 2004, at approximately 10:35 a.m., police officers executed a search warrant at the Appellant's residence at 124 Conger in Jackson.  When officers arrived, the Appellant was on the porch and gave the officers the keys to his residence.  Once inside, Officer Matthew Hardaway found a "small amount of white residue," which he believed to be crack cocaine, located next to three sets of digital scales.  Additionally, the officer observed another small amount of white residue located on top of a microwave, with another set of digital scales nearby.[1]  A field test performed on a portion of the white residue tested positive as cocaine.  While no drugs or drug paraphernalia were found on the Appellant's person, he was found to be in possession of $330.  The white residue

---

[1]The officer later clarified his testimony by indicating there were a total of three digital scales and a box which contained "accessories" to the scales rather than four sets of digital scales.

substance collected by Hardaway was later sent to the Tennessee Bureau of Investigation Crime Laboratory for testing, and it was confirmed that the substance did in fact contain cocaine. Forensic testing also established that there was less than 1/100th of a gram of cocaine collected.

The Appellant testified at trial that only he and his eight-year-old son lived in the residence; however, he stated that the child's mother and other friends regularly visited the home. The Appellant denied any knowledge of the presence of illicit drugs in the residence. With regard to the digital scales, the Appellant acknowledged that they were found in his house, but he testified that they were used to monitor his intake of salt and sugar.

On November 1, 2004, a Madison County grand jury returned a three-count indictment charging the Appellant with: (1) misdemeanor possession of cocaine; (2) misdemeanor possession of dihydrocodeinone; and (3) possession of drug paraphernalia. The dihydrocodeinone charge was later dismissed. Following a January 10, 2006 jury trial, the Appellant was convicted of possession of cocaine but acquitted of possession of drug paraphernalia. The Appellant was subsequently sentenced to a term of eleven months and twenty-nine days of which ninety days were to be served in confinement. Following the denial of his motion for new trial, the Appellant filed the instant timely appeal.

## Analysis

On appeal, the Appellant argues that the evidence is insufficient to support his conviction for misdemeanor possession of cocaine. Specifically, he argues that "due to the size and quantity of the cocaine granules . . . the amount was too small to infer his knowledge or ability to exercise control or dominion over it." We disagree.

In considering the issue of sufficiency of the evidence, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639

S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Although a conviction may be based entirely upon circumstantial evidence, *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1974), in such cases, the facts must be "so clearly interwoven and connected that the finger of guilt is pointed unerringly at the Defendant and the Defendant alone." *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991) (citing *State v. Duncan*, 698 S.W.2d 63 (Tenn. 1985)). However, as in the case of direct evidence, the weight to be given circumstantial evidence and "the inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958) (citations omitted).

It is undisputed that the white residue found in the Appellant's kitchen contained cocaine, a Schedule II controlled substance. The Appellant argues, however, that the proof fails to establish that it was he who possessed the cocaine.

A conviction for the possession of drugs may be based upon either actual or constructive possession. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). In discussing the nature of constructive possession, this court has held that, before a person can be found to constructively possess drugs, it must appear that the person has "the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others." *State v. Transou*, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996) (citations omitted); *see also Shaw*, 37 S.W.3d at 903. In other words, "constructive possession is the ability to reduce an object to actual possession." *State v. Ross*, 49 S.W.3d 833, 845-46 (Tenn. 2001) (citations omitted). The element of knowledge of the presence of a controlled substance, for purposes of unlawful possession, is oftentimes not susceptible to direct proof. However, knowledge may be circumstantially proven by evidence of acts, statements, or conduct. *Transou*, 928 S.W.2d at 956. Additionally, possession of the premises in which the contraband is found creates an inference that the possessor had possession of the contraband. *Ross*, 49 S.W.3d at 846. Nonetheless, mere presence in the area where the drugs are discovered is not, standing alone, sufficient to support a conviction for possession. *Id*.

After viewing the evidence in the light most favorable to the State, we conclude that the evidence is sufficient to establish the Appellant's guilt of simple possession of cocaine beyond a reasonable doubt. *See* Tenn. R. App. P. 13. The proof established that, as the sole adult occupant of the residence, the Appellant exercised dominion and control over the premises. Thus, the jury could properly infer that the Appellant, as the owner and sole possessor of the premises, was also the possessor of the controlled substances. Moreover, no one was inside the residence when the police arrived and discovered the cocaine. Based upon these facts, a reasonable juror could conclude that the Appellant had both the power and the intention at any given time to exercise control over the cocaine which was located in his house. The jury was clearly not obligated to accept the Appellant's testimony that he had no knowledge of the cocaine found in the kitchen. Furthermore, the Appellant's argument that the amount of cocaine found was nothing more than residue and was

"too small to infer . . . knowledge or ability to exercise dominion and control over it" is likewise without merit. The cocaine was visible to the police, and we would observe that there is no minimum or threshold quantity requirement for the crime of simple possession of a controlled substance.

## CONCLUSION

Based upon the foregoing, the Appellant's conviction for misdemeanor possession of cocaine is affirmed.

_____

DAVID G. HAYES, JUDGE