IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2008 Session

## STATE OF TENNESSEE v. CURTIS LEE MAJORS

**Appeal from the Criminal Court for Davidson County**
**No. 2006-D-3084     Cheryl A. Blackburn, Judge**

---

**No. M2007-01911-CCA-R3-CD - Filed May 21, 2009**

---

JAMES CURWOOD WITT, JR., J., dissenting.

Respectfully, I dissent from the majority view that the evidence was sufficient to support the conviction of tampering with evidence. The evidence did not establish the defendant's guilt of this offense beyond a reasonable doubt.

The State is obliged to establish the factual presence of the elements of the offense. Although such may be accomplished purely through the use of circumstantial evidence, *Duchac v. State*, 505 S.W.2d 237 (Tenn. 1973), as was the case now before us, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant," *State v. Crawford*, 470 S.W.2d 610, 612 (Tenn. 1971). "In other words, '[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt.'" *State v. McAfee*, 737 S.W.2d 304, 306 (Tenn. Crim. App. 1987) (quoting *Crawford*, 470 S.W.2d at 613).

The reasonable doubt standard is rather rigorous by design and by function of principles of due process of law. *See Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979). The burden is not met when the finder of fact must speculate as to the presence of all factual elements of the conviction offense. *See, e.g., State v Gloria A. Porter*, No. W2004-02464-CCA-R3-CD (Tenn. Crim. App., Jackson, Sept. 21, 2005). In the present case, one may well speculate that the defendant was "up to something" when the officers entered the residence, but it is not merely a surrender to naivete to expect that the prosecution must actually prove circumstances upon which guilt may be singularly inferred.

To illustrate my conclusion that the State failed to do this in the present case, I considered what would have been the result had the defendant been prosecuted for misdemeanor

possession of cocaine based circumstantially upon flushing such cocaine down the toilet. The mind easily recoils against the proposition that the defendant's flushing activity could have resulted in a conviction of even a minimal drug-possession offense, and yet, the instant offense is exactly that; it is predicated upon the possession or control of a "thing" or "evidence."

In conclusion, I would have held that the evidence was insufficient to support the conviction of tampering with evidence.

_____
JAMES CURWOOD WITT, JR., JUDGE