IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1996 SESSION

FILED

Feb. 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          *          C.C.A. # 02C01-9510-CR-00305

          Appellee,          *          SHELBY COUNTY

VS.          *          Hon. Joseph B. Dailey, Judge

JOE A. HENSON,          *          (Aggravated Burglary)

          Appellant.          *


For Appellant:

On appeal:
Walker Gwinn
Assistant Public Defender

At trial:
William Moore
Assistant Public Defender
201 Poplar Avenue
Suite 2-01
Memphis, TN  38103

Of counsel:
A.C. Wharton, Jr.
Shelby County Public Defender

For Appellee:

Charles W. Burson
Attorney General & Reporter

Cyril V. Fraser
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0493

David C. Henry
Assistant District Attorney General
201 Poplar Avenue
Third Floor
Memphis, TN  38103


OPINION FILED:_____


AFFIRMED


GARY R. WADE, JUDGE

<u>**OPINION**</u>

The defendant, Joe A. Henson, was convicted of aggravated burglary. The trial court imposed a Range III sentence of fourteen years.

In this appeal of right, the defendant contends that the evidence was insufficient. We disagree and affirm the judgment of the trial court.

About 9:00 P.M. on May 20, 1994, the victim, Kwame Williams, returned to his residence to find his front door open. A man the victim identified as the defendant "was coming out." The victim grabbed the defendant, demanding to know what he was doing inside. The defendant answered that he was looking for Vicky Jones, a cousin to the victim, who had moved out of the Williams residence about a month before. The defendant was able to break free from the victim's grasp and fled; his shirt was ripped in the process. The victim instructed a neighbor to call police and then chased the defendant about a block. He described the defendant as "a black male, [with a] low haircut, [and] ... a green shirt." When the victim inspected the interior of the residence, he found that nothing had been taken but that his television, which he always left on, had been unplugged. The front door appeared to have been "kicked in"; there was a "footprint [on the door] and the hinges were off." About twenty-five minutes later, the victim identified the defendant who was by then in the custody of police.

A few minutes after the report of the burglary, Police Officer Thomas Tynes responded to a call from a residence in the same neighborhood. The defendant, who was not known by the occupant, was on the roof of the house; the defendant explained to officers arriving at the scene that he had sought refuge from several people who had been "fighting and chasing" him. When Officer Tynes

2

learned that the altercation had begun at the residence of the victim, he suspected the defendant had committed the burglary.

The defendant claims that the state was unable to prove that he had entered the residence without the effective consent of the owner or that the defendant intended to commit a theft therein. Both elements are essential to the offense. The state, of course, insists that the proof was sufficient. It argues that there was circumstantial evidence that the defendant entered the residence with the intent to commit a theft.

A "person commits burglary who, without the effective consent of the property owner ... [e]nters a building ... with intent to commit a felony or theft...." Tenn. Code Ann. § 39-14-402(a)(1). A burglary committed under Tenn. Code Ann. § 39-14-402(a)(1) is a Class D felony. When a habitation, "any structure ... designed or adapted for the overnight accommodation of persons," is involved, the burglary is aggravated and a Class C felony. Tenn. Code Ann. §§ 39-14-401, -403.

On appeal, the state is entitled to the strongest legitimate view of the evidence, and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). The credibility of the witnesses, the weight given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978). A criminal conviction can be set aside only when this court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e).

The proof by the state was that there had been a forced entry of the

3

residence and that the television, which had been left in operation by the victim during the time of his absence, had been unplugged. By all appearances, the victim's return to his residence interrupted the defendant's plans. In our view, the jury was entitled to infer from this evidence that the defendant intended to commit a theft or other felony inside the residence. Certainly, there is no requirement that a burglar be successful in consummating the theft in order to be guilty of the burglary. See e.g., Duchac v. State, 505 S.W.2d 237 (Tenn. 1973). Clearly, a rational trier of fact could have found the essential elements of the crime of aggravated burglary beyond a reasonable doubt. The evidence of the defendant's guilt satisfies the standard prescribed. See Jackson v. Virginia, 443 U.S. 307 (1979).

Accordingly, the judgment is affirmed.


_____
Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Jerry L. Smith, Judge

4