IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 24, 2011

**STATE OF TENNESSEE v. SHAWN DALE OWNBY**

**Direct Appeal from the Circuit Court for Sevier County**
**No. 14548-III    Rex Henry Ogle, Judge**

---

**No. E2010-02350-CCA-R3-CD - Filed September 19, 2011**

---

A Sevier County jury convicted the Defendant, Shawn Dale Ownby, of driving under the influence ("DUI") and violation of the implied consent law, and the trial court sentenced him to eleven months and twenty-nine days in jail and revoked his licence. On appeal, the Defendant contends that the evidence is insufficient to support his DUI conviction. After a thorough review of the record and relevant authorities, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J. delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Amber D. Haas, Sevierville, Tennessee, for the Appellant, Shawn D. Ownby

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James Dunn, District Attorney General; and Greg Eshbaugh, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Facts**

This case arises from a lawful police stop of the Defendant's vehicle after he was observed failing to stop at a red light. A Sevier County grand jury indicted the Defendant for DUI and violating of the implied consent law. At the Defendant's trial, the following evidence was presented: Deputy Devin Smith, an officer with the Sevier County Sheriff's Department, testified that he learned during his training at the police academy how to administer field sobriety tests and how to detect that a driver is under the influence of an

intoxicant. While on routine patrol at 1:30 a.m. on Saturday, July 18, 2009, he observed a blue Chevrolet Cavalier traveling at a high rate of speed. After observing the vehicle fail to stop at a red light, the officer initiated a traffic stop. Deputy Smith stated that, during this stop, he recognized a strong odor of alcohol coming from the Defendant. He also recalled that the Defendant had bloodshot eyes and was unsteady on his feet.

Based on his observations, Deputy Smith asked the Defendant to perform some field sobriety tests. Deputy Smith asked the Defendant whether he had any medical or physical problems that would inhibit him from satisfactorily performing a field sobriety test. The Defendant responded that he did not have any such medical or physical problems. The Defendant disclosed to the officer that he had consumed one beer and smoked marijuana that evening. Deputy Smith testified that, during the nine-step walk test, the Defendant began the test before he was instructed to start, and he failed to complete the test. Deputy Smith testified that he also asked the Defendant to perform the one-legged test. Because the Defendant displayed poor balance during this test, the deputy concluded that the Defendant did not pass this test. Deputy Smith read the implied consent form to the Defendant, but the Defendant refused to take a breathalyzer test, saying, "Just go ahead and arrest me because I will be at least a .20." Deputy Smith stated that the Defendant at this point became uncooperative. Deputy Smith arrested the Defendant for driving under the influence and violating the implied consent law.

On cross-examination, Deputy Smith acknowledged that something other than the Defendant being intoxicated could have caused him to run a red light and travel at a high rate of speed. Deputy Smith also acknowledged that factors other than alcohol and/or marijuana could cause the Defendant's bloodshot eyes. Deputy Smith said that he had never met Mr. Ownby before this incident. Deputy Smith agreed that, several times in his career, individuals who were not intoxicated have become uncooperative.

On redirect, Deputy Smith emphasized that multiple aspects of the Defendant's demeanor in addition to his poor performance of the field sobriety tests aroused his suspicion that the Defendant was under the influence of an intoxicant.

## II. Analysis

On appeal, the Defendant contends that the evidence is insufficient to support his conviction for DUI. Specifically, the Defendant asserts that the sobriety tests given to him by Deputy Smith were highly subjective in grading his performance. He further asserts that no independent, scientific proof of intoxication supports his conviction because the State did not offer any actual proof about the level of alcohol in the his blood or any videotaped evidence or other testimony corroborating the deputy's testimony. Finally, the Defendant

argues that the proof does not support his conviction because, as the deputy acknowledged at trial, factors other than intoxication could have caused his erratic driving.

The State counters that the evidence is sufficient because the record established that the Defendant performed poorly on the field sobriety tests, became uncooperative, and refused to take a breathalyzer test, saying that he would "be at least a .20." Furthermore, the State points out that the Defendant admitted that he consumed one beer and smoked some marijuana.

When an accused challenges the sufficiency of the evidence, this Court's standard of review is whether, after considering the evidence in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see* Tenn. R. App. P. 13(e), *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (citing *State v. Reid*, 91 S.W.3d 247, 276 (Tenn. 2002)). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence. *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973). The jury decides the weight to be given to circumstantial evidence, and "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006) (citations omitted). "The standard of review [for sufficiency of the evidence] is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). In determining the sufficiency of the evidence, this Court should not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999); *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956). "Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland,* 958 S.W.2d 651, 659 (Tenn. 1997); *Liakas*, 286 S.W.2d at 859. "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *State v. Grace*, 493 S.W.2d 474, 479 (Tenn. 1973). The Tennessee Supreme Court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of

> justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1996) (citing *Carroll v. State*, 370 S.W.2d 523 (Tenn. 1963)). This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. *Goodwin*, 143 S .W.3d at 775 (citing *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000).

The Defendant challenges the evidence supporting his DUI conviction. A conviction for DUI requires proof beyond a reasonable doubt that the defendant: (1) either drove or was in physical control of a motor driven vehicle; (2) on any public road or premise frequented by the public; (3) while under the influence of an intoxicant; or (4) with an alcohol concentration in the defendant's blood or breath of .08 or more. *See* T.C.A. § 55-10-401 (2006).

The evidence, considered in the light most favorable to the State, proves that the Defendant drove on a public road at a high rate of speed and ran a red light. Based on this erratic behavior, Deputy Smith initiated a lawful traffic stop. During this stop he observed a strong odor of alcohol coming from the Defendant, and he noticed that the Defendant had bloodshot eyes and was unsteady on his feet. The Defendant admitted that he had consumed one beer and smoked marijuana earlier in the evening. In addition to this evidence of his intoxication, the Defendant performed poorly on the subsequent field sobriety tests, became uncooperative, and refused to take a breathalyzer test, saying that he would "be at least a .20."

While explanations other than intoxication might exist for the Defendant's erratic driving, the evidence supporting the Defendant's DUI conviction was overwhelming. Although field sobriety tests lack the scientific precision of a breathalyzer test, the field sobriety tests, in combination with the other evidence in this case, support the Defendant's conviction. The Defendant's performance on the field sobriety tests was graded by a four-year professionally experienced deputy, who was specially trained to administer field sobriety tests and detect drivers who are under the influence of an intoxicant. Also, the Defendant refused to take a breathalyzer test. Moreover, the Defendant failed to give a reasonable explanation for speeding and running a red light other than intoxication. Furthermore, the Defendant acknowledged he had consumed one beer and smoked marijuana that evening.

Finally, the Defendant exhibited numerous other indicators of intoxication. Accordingly, the evidence was sufficient to support the jury's finding beyond a reasonable doubt that the Defendant drove under the influence of an intoxicant. The Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude the evidence is sufficient to support the Defendant's conviction for DUI. We, therefore, affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE