# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 3, 2014

## STATE OF TENNESSEE v. VICTOR JAMES

**Appeal from the Circuit Court for Madison County**
**No. 13-311     Donald H. Allen, Judge**

---

**No. W2013-02643-CCA-R3-CD  - Filed September 30, 2014**

---

A Madison County jury convicted the Defendant, Victor James, of one count of driving on a revoked license.  The Defendant also pleaded guilty to an additional count of driving on a revoked license, prior offender, and the trial court sentenced him to eleven months and twenty-nine days in jail.  On appeal, the Defendant contends that the evidence presented is insufficient to support his conviction.  After a thorough review of the record and the applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ALAN E. GLENN, and ROBERT L. HOLLOWAY, JR., JJ., joined.

Gregory G. Gookin, Jackson, Tennessee, for the Appellant, Victor James.

Robert E. Cooper, Jr., Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; James G. Woodall, District Attorney General; Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from  the Defendant's operation of a motor vehicle without a valid driver's license.  A Madison County grand jury indicted the Defendant for one count of driving on a revoked license and one count of driving on a revoked license, third offense. The Defendant pleaded guilty to one count of driving on a revoked license, third offense, and a trial was held on the remaining indicted count for driving on a revoked license.  The parties presented the following evidence at trial: Joseph Williams testified that he worked for the Jackson Police Department and was working patrol on July 6, 2012.  Officer Williams stated

that on July 6 at approximately 3:40 p.m., he was patrolling Roosevelt Parkway in East Jackson, Tennessee with his partner Officer Brae. Officer Williams and Officer Brae observed the Defendant driving a Mercury Grand Marquis on Lincoln Street at the corner of Roosevelt Parkway. Officer Williams recalled that the Mercury Grand Marquis was green and that he observed the vehicle driving in the opposing lane so that the Defendant's vehicle and the patrol car passed each other. Officer Williams stated that he had prior knowledge of the Defendant and knew that his driver's license was revoked. Upon seeing the Defendant, Officer Williams stated that he made a u-turn and followed the Defendant, who turned his vehicle into a grocery store parking lot and exited the vehicle. Officer Williams explained that the Defendant proceeded inside the grocery store, so Officer Williams and Officer Brae decided to wait until he exited the store to make contact. While the Defendant was inside, Officer Williams confirmed that the Defendant's driver's license was revoked.

Officer Williams stated that they waited for the Defendant to exit the grocery store in a nearby church parking lot with a view of the store. Officer Williams recalled that the Defendant exited the grocery store, but did not get back into his vehicle, instead walking down Roosevelt Parkway away from the store. At that point, Officer Williams stopped the Defendant on the sidewalk. Officer Williams reiterated that the Defendant was alone, and that the Defendant was the sole occupant and driver of the vehicle. Officer Williams identified a certified copy of the Defendant's official driver record, and it was admitted as an exhibit. He testified that the "status" of the license was "revoked." Officer Williams recalled that the Defendant did not have a driver's license on his person when he was stopped on Roosevelt Parkway.

On cross-examination, Officer Williams reiterated that he initially observed the Defendant traveling on Lincoln Street and then the Defendant's vehicle stopped at the stop sign of Lincoln Street and Roosevelt Parkway. Officer Williams recalled that his patrol vehicle was turning onto Lincoln Street from Roosevelt Parkway as the Defendant's vehicle turned onto Roosevelt Parkway. Officer Williams said he made an immediate u-turn after turning onto Lincoln Street. He stated that he did not activate his blue lights or sirens. Officer Williams agreed that he made contact with the Defendant after he left the grocery store and that the Defendant was not in his vehicle when this occurred.

On re-direct examination, Officer Williams stated that he observed the Defendant in the driver's seat operating the vehicle as Officer Williams turned left on Lincoln Street and that he then saw the vehicle proceeding down Roosevelt Parkway. He reiterated that he saw the Defendant pull into the store parking lot and exit the vehicle before going inside the store.

Based upon this evidence, the jury convicted the Defendant of driving on a revoked license, and the trial court sentenced him to eleven months and twenty-nine days in jail. It

is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the evidence is insufficient to support his conviction. He contends that the State did not prove beyond a reasonable doubt that he was the individual operating the Mercury Grand Marquis. He states that, considering Officer Williams's testimony that he made contact with the Defendant while he was walking and the absence of testimony that the Defendant owned the vehicle, the proof was insufficient to allow a reasonable jury to find that the Defendant was guilty of driving on a revoked license. The State counters that Officer Williams's eye witness testimony was more than sufficient evidence from which a jury could conclude that the Defendant was driving the vehicle. The State argues that the officer's testimony, along with the certified copy of the Defendant's official driver record, is sufficient to establish the required elements of the offense.[1] We agree with the State.

When an accused challenges the sufficiency of the evidence, this Court's standard of review is whether, after considering the evidence in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see* Tenn. R. App. P. 13(e), *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (citing *State v. Reid*, 91 S.W.3d 247, 276 (Tenn. 2002)). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence. *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973). The jury decides the weight to be given to circumstantial evidence. "The inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006) (citations omitted). "The standard of review [for sufficiency of the evidence] is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

In determining the sufficiency of the evidence, this Court should not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the

---

[1] The State also argues that the Defendant's Tennessee Rule of Appellate Procedure 4 Notice of Appeal was untimely filed. We find that it is in the interest of justice that the notice of appeal requirement be waived in this case, and address the merits of the Defendant's appeal.

evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999); *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956). "Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *Liakas*, 286 S.W.2d at 859. "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *State v. Grace*, 493 S.W.2d 474, 479 (Tenn. 1973). The Tennessee Supreme Court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1996) (citing *Carroll v. State*, 370 S.W.2d 523 (Tenn. 1963)). This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. *Goodwin*, 143 S .W.3d at 775 (citing *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000).

The code section for the offense of driving on a revoked license states in relevant part:

> (a)(1) A person who drives a motor vehicle within the entire width between the boundary lines of every way publicly maintained that is open to the use of the public for purposes of vehicular travel, or the premises of any shopping center, manufactured housing complex or apartment house complex or any other premises frequented by the public at large at a time when the person's privilege to do so is cancelled, suspended, or revoked commits a Class B misdemeanor.

T.C.A. § 55-50-504 (2012).

At the Defendant's trial Officer Williams recounted first seeing the Defendant driving a vehicle at the corner of Lincoln Street and Roosevelt Parkway. He witnessed the

4

Defendant exit the driver's side door of the vehicle while it was parked, and he confirmed that the Defendant's license was revoked before he stopped the Defendant. A certified copy of the Defendant's official driver record confirming that it was revoked was admitted into evidence. This testimony is sufficient from which a jury could conclude that the Defendant was guilty of driving on a revoked license. The Defendant offers no proof to rebut Officer Williams's testimony that he was driving the vehicle; he merely asserts that no proof of his ownership of the vehicle was provided. This is not a required element of the offense for which he was convicted. By its verdict, the jury accredited Officer Williams's testimony, which provided sufficient evidence to support that the Defendant was driving a motor vehicle while his driver's license was revoked. Accordingly, we conclude that the evidence is sufficient to support his conviction, and he is not entitled to relief on this issue.

### III. Conclusion

Based upon the foregoing authorities and reasoning, we conclude that the evidence is sufficient to support the Defendant's conviction. As such, the trial court's judgment is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE