# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 15, 2013

## STATE OF TENNESSEE v. KEENAN SCOTT MCNEAL

**Appeal from the Circuit Court for Blount County**
**No. C19822     David Reed Duggan, Judge**

---

**No. E2013-00602-CCA-R3-CD - Filed November 25, 2013**

---

The Defendant, Keenan Scott McNeal, was convicted by a Blount County jury of possession of 0.5 grams or more of a substance containing cocaine with intent to sell or distribute within 1,000 feet of a child care facility, a Class B felony, and received a sentence of eight years in the Tennessee Department of Correction. The sole issue presented for our review is whether the evidence is sufficient to support the Defendant's conviction. Upon our review, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and JEFFREY S. BIVINS, JJ., joined.

J. Liddell Kirk, for the Defendant-Appellant, Keenan Scott McNeal.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Mike Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

This case involves an undercover controlled drug purchase from the Defendant by a confidential informant, who died from a drug overdose prior to trial. The proof at the November 29, 2012 trial established the following:[1]

---

[1] The parties stipulated to the chain of custody from the point the "substance was . . . turned over to the officer by the informant" to the point of trial.

John Scott, Jr., a special agent with the Tennessee Bureau of Investigation, testified that the substance he received in connection with this case tested positive for cocaine and weighed 0.67 grams. Ray Boswell, the Geographic Information System Manager of Maryville, testified that from the property line of 1619 Madison Avenue to the property line of Young At Heart Learning Academy is 214 feet. He further testified that the distance from front door to front door between the properties is 423 feet. Nikki Pickens, the secretary for High Praises Church, testified that Young at Heart Learning Academy was a tenant of the church property located at 1601 East Broadway. She identified the location of the church and Young at Heart Learning Academy on a map, admitted into evidence, as part of a shopping mall. She said that Young at Heart Learning Academy was a continuously operating daycare facility in March of 2011.

Deputy Sheriff Rusty Aycocke testified that he commonly utilized Chris Hulsey as a confidential informant in controlled drug purchases in the Five Points area of Maryville, Tennessee. Deputy Aycocke said that Mr. Hulsey died from a drug overdose prior to trial. He identified the Defendant at trial and said that from 2009 to the offense date, the Defendant lived at 1619 Madison Avenue. On March 24, 2011, Chris Hulsey, the informant, placed a recorded telephone call to the Defendant to arrange a drug purchase. Deputy Aycocke was present during the phone call and confirmed at trial that the recording contained the voices of the informant and the Defendant. The recording was played for the jury at trial and admitted as an exhibit. During the recording, the informant said, "You going to be good or what?" Deputy Aycocke interpreted this to mean, "do you have anything[?]" The Defendant said, "I'll hit you up," which Deputy Aycocke interpreted to mean, "I'll call you tomorrow."

The next day, March 25, 2011, the informant was searched before the drug purchase, provided with marked money to purchase drugs, and equipped with a video recording device. Deputy Aycocke observed the informant pull into the Defendant's driveway, enter and later exit his house, and then deliver drugs to the officers at a prearranged location. Deputy Aycocke later viewed the video and audio of the informant while he was inside the Defendant's house, which was admitted as an exhibit at trial. Deputy Aycocke also identified various still photographs taken from the video of the informant while inside the Defendant's house including: a photograph of the informant with money in his hands; a photograph of the Defendant pulling a piece off of a white shopping bag; and a photograph of a hand-to-hand exchange between the informant and the Defendant.

On cross-examination, Deputy Aycocke acknowledged that the informant had a significant history of drug and alcohol related convictions and that he was paid $100 to conduct the instant drug transaction.

The jury convicted the Defendant as charged in the indictment. This timely appeal followed.

## ANALYSIS

The Defendant contends that the evidence is insufficient to support his conviction. He specifically argues that there was no proof showing that he gave the drugs in question to the informant. In response, the State contends that the proof was sufficient to support the Defendant's drug conviction. We agree with the State.

We begin our analysis of this issue by recognizing well established law concerning an appellate court's review of the sufficiency of the evidence. The State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Bland, 958 S.W.2d 651, 659 (Tenn.1997). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support a finding by the trier of fact of guilt beyond a reasonable doubt." Guilt may be found beyond a reasonable doubt in a case where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 208 Tenn. 75, 343 S.W.2d 895, 897 (Tenn. 1961)).

The trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). When reviewing issues regarding the sufficiency of the evidence, this court shall not "reweigh or reevaluate the evidence." Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). This court has often stated that "[a] guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." Bland, 958 S.W.2d at 659. A guilty verdict also "removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id. (citing State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982)).

"In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence." State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (citing

Duchac v. State, 505 S.W.2d 237, 241 (Tenn.1973); Marable v. State, 203 Tenn. 440, 313 S.W.2d 451, 456-58 (Tenn.1958)). However, "[t]he jury decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting Marable, 313 S.W.2d at 457). This court may not substitute its inferences for those drawn by the trier of fact in cases involving circumstantial evidence. State v. Sisk, 343 S.W.3d 60, 65 (Tenn. 2011) (citing State v. Lewter, 313 S.W.3d 745, 748 (Tenn. 2010)). We note that the standard of review " 'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Hanson, 279 S.W.3d 265, 275 (quoting State v. Sutton, 166 S.W.3d 686, 689 (Tenn. 2005)); State v. Carruthers, 35 S.W.3d 516, 557 (Tenn. 2000). The court in Dorantes specifically adopted the standard for circumstantial evidence established by the United States Supreme Court in Holland:

> "Circumstantial evidence ... is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."

Dorantes, 331 S.W.3d at 380 (quoting Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954)).

The Defendant was convicted of possession of 0.5 grams or more of cocaine with intent to sell or distribute within 1,000 feet of a child care facility. In order to sustain a conviction for this offense, the State was required to prove beyond a reasonable doubt that he knowingly "possess [ed] [cocaine] with intent to manufacture, deliver or sell [cocaine]." T. C. A. § 39-17-417(a)(4) (2010). A violation of subsection (a) with respect to 0.5 grams or more of cocaine is a Class B felony. Id. § 39-17-417(c)(1). In addition, the Drug-Free School Zone Act states that a violation of Tennessee Code Annotated section 39-17-417 "that occurs on the grounds or facilities of any school or within one thousand feet (1,000) of the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, or public library, recreational center or park shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation." Id. § 39-17-432(b)(1) (2010).

Significantly, "[a] person convicted of violating this subsection (b), who is within the prohibited zone of a preschool, childcare center, public library, recreational center or park shall not be subject to additional incarceration as a result of this subsection (b) but shall be subject to the additional fines imposed by this section." Id. § 39-17-432(b)(3). In other words, a defendant convicted of selling 0.5 grams or more of cocaine, ordinarily a Class B felony, would be punished for a Class A felony if the defendant sold the drug within 1,000 feet of a public or private elementary, middle, or high school. However, subsection (b)(3) specifically exempts preschools, childcare centers, and other areas from incarceration at the higher classification in subsection (b)(1). Therefore, because the Defendant was a Range I, standard offender, and because his offense occurred within 1,000 feet of a childcare center, he was sentenced for a Class B felony and was subject to a sentence range of eight to twelve years. Id. § 40-35-112(b)(2) (Supp. 2010). In addition, he was required to serve "at least the minimum sentence for [his] appropriate range" at 100%. Id. § 39-17-432(c), (d), (e). Here, the trial court imposed an eight year sentence for this offense, and noted that it was subject to the Drug Free Zone Act on the judgment sheet.

Here, the Defendant specifically argues that "the evidence was insufficient to support a conclusion beyond a reasonable doubt that the cocaine provided by the informant . . . was obtained from the Defendant." Interestingly, he concedes in his brief that "the circumstantial evidence, in combination with the video image evidence, are suggestive that [a drug] transaction could have occurred." In effect, the Defendant argues that the circumstantial evidence in this case is insufficient to support his conviction. We disagree. Taken in the light most favorable to the State, our review of the evidence shows that the evidence was more than sufficient to support the Defendant's drug conviction. The officers searched the informant and his car prior to the informant entering the Defendant's house to conduct the drug purchase. They observed the informant enter the Defendant's house. The video images confirm that an exchange occurred between the informant and the Defendant. When the informant left the Defendant's house, the officers followed him and continuously observed him until he arrived at a prearranged location. At this point, the informant gave drugs, later confirmed to be .67 grams of cocaine, to the officers. Although the informant did not testify regarding the exchange, the proof on this record is more than sufficient for a reasonable juror to conclude that the Defendant knowingly possessed 0.5 grams or more of cocaine with intent to sell or deliver within 1000 feet of a school zone beyond a reasonable doubt. The Defendant is not entitled to relief.

## CONCLUSION

Upon our review, we conclude that the evidence is sufficient to support the Defendant's conviction for possession of 0.5 grams or more of a substance containing

cocaine with intent to sell or distribute within 1,000 feet of a child care facility. The judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE