IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2019

**STATE OF TENNESSEE v. RANDALL RAY WARD**

**Appeal from the Criminal Court for Madison County**
**No. 17-282**        **Donald H. Allen, Judge**

_____

**No. W2018-01957-CCA-R3-CD**

_____

A Madison County jury convicted the Defendant, Randall Ray Ward, of possession of cocaine with the intent to sell, possession of cocaine with the intent to deliver, and possession of illegal drug paraphernalia. The trial court merged the cocaine convictions and ordered that the Defendant serve ten years in confinement as a Range II, multiple offender. The trial court imposed a consecutive sentence of eleven months and twenty-nine days for the paraphernalia conviction. On appeal, the Defendant asserts that: (1) the evidence is insufficient to support his convictions; (2) the trial court erred when it admitted the Defendant's statement to police; (3) the trial court erred when it instructed the jury regarding confessions; and (4) the trial court erred when it sentenced the Defendant. After a thorough review of the record and applicable law, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Kortney D. Simmons, Jackson, Tennessee, for the appellant, Randall Ray Ward.

Herbert H. Slatery, III, Attorney General and Reporter; Andrew C. Coulman, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General for the appellee, State of Tennessee.

**OPINION**
**I. Background and Facts**

This case arises from the execution of a search warrant for controlled substances at an apartment inside which law enforcement officers found the Defendant with two other individuals. Also inside the apartment, law enforcement officers found a crack pipe,

multiple bags of crack cocaine, a digital scale, cash, and plastic baggies. Based on the search, they arrested the Defendant and later interviewed him, during which time he admitted to selling crack cocaine. Based on these events, a Madison County grand jury indicted the Defendant for possession of 0.5 grams or more of cocaine with the intent to sell, possession of 0.5 grams or more of cocaine with the intent to deliver, and possession of illegal drug paraphernalia. The indictment was later amended upon motion of the State to redact the language "0.5 grams or more" from each of the cocaine counts resulting in these counts being classified as Class C felonies rather than Class B felonies.

## A. Trial

Prior to trial, the State filed a notice of its intent to seek enhanced punishment based on the Defendant's prior criminal convictions, including three felonies and numerous misdemeanors. The following evidence was presented at the Defendant's trial: Investigator Dennis Infantis testified that he was an investigator with the Madison County Narcotics Unit and that, on June 20, 2016, he served a search warrant on an apartment on East Chester Street in Jackson, Tennessee. When Investigator Infantis arrived at the apartment with other law enforcement personnel, they knocked on the door to announce their presence, and, after no one answered, obtained a key for the apartment from the management. Using this key, the assembled law enforcement officers opened the apartment's door and placed the occupants in handcuffs for officer safety. The occupants were the Defendant, whom officers found in the bathroom, Stephanie Martinez, and Tiffany McBride. Another individual, James Simmons, to whom the apartment "belonged," arrived soon after and was also detained. An officer read aloud the search warrant to the suspects and then began searching the apartment.

In the living room, Investigator Infantis found a clear crack pipe, as well as rocks of crack cocaine. Crack cocaine was also found in the kitchen in plain view. Ms. Martinez stated that she had crack cocaine hidden on her body. Investigator Infantis also found a digital scale in the bathroom trash can where the Defendant was found. There appeared to be crack cocaine residue on the surface of the scale.

Investigator Infantis spoke to the Defendant while he was in custody; the Defendant signed a waiver of rights form after being advised of his *Miranda* rights. The Defendant told Investigator Infantis that he was unemployed and sold crack cocaine to make money. He also stated that he kept a third of an ounce of cocaine with him at any given time. Investigator Infantis testified that, inside the apartment, he found numerous plastic baggies commonly used to package crack cocaine.

On cross-examination, Investigator Infantis agreed that he did not field test the digital scale to determine if the residue on it was cocaine. He also agreed that the baggies

were found in the kitchen and were commonly used to package sandwiches. Investigator Infantis agreed that he did not ask the apartment's occupants for what purpose they used the scale. He stated that the Defendant's statement made during his interview was not recorded in any fashion. He stated that the Defendant "opted out" of providing a written statement.

Investigator Infantis clarified that he interviewed the Defendant on June 21, 2016, and that he wrote a report on the Defendant's statement seven days later on June 28. He agreed that the "bulk" of the cocaine found during the search was found on Ms. Martinez's person.

Lela Jackson testified that she worked at the Tennessee Bureau of Investigation's crime lab and was declared an expert in the field of forensic chemistry and identifying controlled substances. Ms. Jackson tested the "rock-like substance" recovered from the apartment; it tested positive for cocaine and weighed .14 grams. She tested a second rock-like substance from the apartment which was positive for cocaine and weighed .18 grams.

On cross-examination, Ms. Jackson agreed that the total weight of the tested substances was .32 grams. She agreed that the substances contained cocaine and were not "pure" cocaine.

Based on this evidence, the jury convicted the Defendant of possession of less than .5 grams of cocaine with the intent to sell, possession of less than .5 grams of cocaine with the intent to deliver, and possession of illegal drug paraphernalia.

## B. Sentencing

The trial court held a sentencing hearing, during which the presentence report was entered into the record as an exhibit, detailing the Defendant's extensive criminal history which included numerous felony drug convictions, at least fourteen prior misdemeanors, several prostitution related offenses, and several pending drug and prostitution related offenses. No other proof was presented. The trial court considered the facts presented at trial in concert with the principles and purposes of sentencing, along with the contents of the presentence report. The trial court noted that the convictions were for serious offenses involving the possession of cocaine with intent to sell or deliver. The trial court merged the two cocaine convictions and stated that the Defendant was a Range II, multiple offender based on his prior felony convictions. The trial court addressed the Defendant's argument that he should be sentenced as a Range I offender and noted that the State had filed a notice to seek enhanced punishment based on the Defendant's felony convictions in three other states as well as convictions in multiple Tennessee counties. Based on the

Defendant's four prior felony convictions, the trial court applied two of them to establish the Defendant as a Range II offender and two of the convictions to enhance the Defendant's sentence.

Addressing the enhancement factors, the trial court applied factor (1), that "the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." T.C.A. § 40-35-114(1) (2014). The trial court also applied enhancement factor (8), that "the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community," a factor to which the trial court gave "great weight." The trial court noted that the Defendant had been released into the community on some type of probationary sentence and had violated his release on five different prior occasions, specifically by selling drugs while on probation for drug offenses. The trial court summarized the Defendant's twenty-year criminal history and his multiple probation sentences and gave it great weight. The trial court also noted that the Defendant had been declared a violent sex offender in Texas, based on his prostitution convictions, and that he had violated the sex offender registry.

On this basis, the trial court imposed a sentence of ten years for the possession of cocaine with intent to sell and ten years for the possession of cocaine with intent to deliver and merged the two convictions. The trial court also imposed a sentence of eleven months and twenty-nine days for the drug paraphernalia conviction. The trial court ordered that the sentences be served consecutively, based on its finding that the Defendant had an extensive record of criminal activity and that he was a professional criminal using drug sales or prostitution as his source of livelihood. *See* T.C.A. § 40-35-115(b)(1) & (2) (2014). The trial court found that the Defendant lacked the potential for rehabilitation and that measures less restrictive than confinement had failed in the past. The trial court further found that society's interest in being protected from the Defendant's future criminal activity was significant. It is from these judgments that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant asserts that: (1) the evidence is insufficient to support his convictions; (2) the trial court erred when it admitted his statement to Investigator Infantis; (3) the trial court erred when it instructed the jury regarding confessions; and (4) the trial court erred when it sentenced the Defendant.

### A. Sufficiency of the Evidence

The Defendant contends that the evidence is insufficient to support his convictions. He contends that the State failed to prove possession because there was no evidence that

the Defendant had any contact with the cocaine or knew that it was being sold inside the residence. He further contends that although the digital scale was found in the bathroom where he was found, no other evidence linking him to the scale was introduced. This, he contends, is only circumstantial evidence of both offenses and fails to exclude all other reasonable theories, and therefore the evidence did not establish guilt beyond a reasonable doubt. The State contends that the evidence was sufficient to sustain the convictions. We agree with the State.

When an accused challenges the sufficiency of the evidence, this Court's standard of review is whether, after considering the evidence in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see* Tenn. R. App. P. 13(e). In determining the sufficiency of the evidence, this court should not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999) (citing *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956)).

This court must afford the State of Tennessee the "'strongest legitimate view of the evidence'" contained in the record, as well as "'all reasonable and legitimate inferences'" that may be drawn from the evidence. *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000) (citations omitted). A criminal offense may be established exclusively by circumstantial evidence. *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973); *Marable v. State*, 313 S.W.2d 451, 456-58, 461 (1958). "The standard of review [for sufficiency of the evidence] 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). We note that the Defendant's argument in his brief relies on an outdated standard for circumstantial evidence. *See Crawford overruled by Dorantes*.

Tennessee Code Annotated provides that it is an offense for a person to knowingly possess a controlled substance with intent to manufacture, deliver or sell the controlled substance. T.C.A. § 39-17-417(a)(4) (2019). Cocaine is a Schedule II controlled substance. T.C.A. § 39-17-408. Knowingly is defined as when a person acts "with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." T.C.A. § 39-11-302(b). With respect to the digital scale, "it is unlawful for any person to use, or to

5

possess with intent to use, drug paraphernalia to . . . process . . . controlled substance . . . ." T.C.A. 39-17-425(a)(1).

The Defendant was convicted of possession of cocaine with the intent to sell or deliver and possession of drug paraphernalia. The evidence presented, viewed in the light most favorable to the State, was that the Defendant was found inside a residence where .32 grams of crack cocaine was present. A crack pipe was also found inside the residence. The Defendant was found in a bathroom with a digital scale commonly used for weighing drugs. The Defendant later admitted to selling crack cocaine as a means of making money and to keeping a third of an ounce of cocaine with him at all times. This is sufficient evidence from which a jury could have concluded beyond a reasonable doubt that the Defendant was guilty of his crimes. The Defendant asserts that the evidence is only circumstantial, and thus insufficient. We note that sufficiency of circumstantial evidence is viewed through the same lens as direct evidence on appeal. *See Dorantes*, 331 S.W.3d at 379. The Defendant is not entitled to relief.

## B. Admission of Evidence

The Defendant next contends that the trial court erred when it allowed Investigator Infantis to testify about the Defendant's hearsay statement to him admitting to selling cocaine. He contends that the oral statement was not recorded, not memorialized in writing until seven days after the interview, and was not adopted by the Defendant, making it inadmissible. The State responds that the Defendant did not make a hearsay objection at trial and thus has waived this argument. We agree with the State.

At trial, the State asked Investigator Infantis about the Defendant's statement following his arrest, and the trial court allowed the investigator to refer to his report to refresh his recollection about what the Defendant had said. The Defendant objected to Investigator Infantis testifying about what the Defendant said during the interview without any corroboration, because the report was written seven days after the interview. The trial court stated that it would allow Investigator Infantis to testify about what the Defendant said in the interview but would not allow the investigator to read directly from his report. The issue of whether the statement was inadmissible hearsay was not raised.

The Defendant now claims that his statement to Investigator Infantis was uncorroborated, inadmissible hearsay. As this objection was not specifically raised at trial, we agree with the State that this issue is waived. *See* Tennessee Rule of Evidence 103 (requiring an objection to the admission of evidence "stating the specific ground of objection if the specific ground was not apparent from the context").

## C. Jury Instructions

6

The Defendant contends that the trial court erred when it instructed the jury regarding the Defendant's confession to Investigator Infantis. The Defendant has failed to include the jury instructions in the record on appeal. It is the duty of the appellant to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. *See* Tenn. R. App. P. 24(b) ("the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). The failure to prepare an adequate record for review of an issue results in a waiver of that issue. *Thompson v. State*, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). Therefore, this issue is waived.

## D. Sentencing

The Defendant lastly contends that the trial court improperly enhanced his sentence to the maximum within the range because his history of criminal convictions did not justify the maximum sentence. The State argues that this issue is waived because the Defendant failed to support his argument in his brief with legal authority. Regardless, the State addresses the Defendant's argument that he was improperly sentenced to the maximum ten-year and eleven month, twenty-nine day sentences within Range II, responding that the Defendant's history of nineteen prior offenses supported the trial court's decision to enhance his sentence. We agree with the State.

Tennessee Code Annotated section 40-35-106(a)(1) defines a "multiple offender" as a defendant who has received a minimum of two, but not more than four, prior felony convictions within the conviction class, a higher class, or within the next two lower felony classes, where applicable. Since the Defendant was sentenced for two Class C felonies, his prior criminal record of two Class C felonies justifies sentencing him as a multiple offender. Tennessee Code Annotated section 40-35-106(c) states that "[a] defendant who is found by the court beyond a reasonable doubt to be a multiple offender shall receive a sentence within Range II." As to any contention that the Defendant was improperly sentenced to the maximum within-range sentence, "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012). The defendant bears "[t]he burden of demonstrating that the sentence is improper." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

7

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (2014). Here, the trial court carefully considered the sentencing guidelines and, in light of the Defendant's criminal history, including his two prior felonies not utilized to establish his sentencing range, enhanced his sentence to the top of the appropriate range. This is not an abuse of discretion. The Defendant is not entitled to relief.

## III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE