IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2022

**STATE OF TENNESSEE v. EDWARD BARBER**

**Appeal from the Criminal Court for Shelby County**
**No. 18-01710   Chris Craft, Judge**

_____

**No. W2022-00040-CCA-R3-CD**

_____

A Shelby County jury convicted the Defendant, Edward Barber, of rape of a child and the trial court imposed a twenty-eight year sentence.  On appeal, the Defendant contends that the evidence is insufficient to support his conviction.  After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN W. CAMPBELL, SR., and KYLE A. HIXSON, JJ., joined.

Phyllis Aluko, District Public Defender; Charles B. Walker and Robert Felkner (at trial); and Tony N. Brayton (on appeal), Assistant District Public Defenders, Memphis, Tennessee, for the appellant, Edward Barber.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Steven J. Mulroney, District Attorney General; and Abby Wallace and Jose F. Leon, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**
**I. Background and Facts**

This case arises from the Defendant sexually abusing six-year-old S.E.[1] when he was living with S.E.'s family.  For this offense, a Shelby County grand jury indicted the Defendant for one count of rape of a child.

**A.  Trial**

The following evidence was presented at the Defendant's trial: The victim, S.E.,

---

[1] It is the policy of this court to refer to minor children by their initials.

testified that she was eleven years old at the time of trial. The victim stated that she lived in Memphis when she was six years old and had since moved. While living in Memphis, the victim lived with her mother, her brother, and her cousin "Edward," whom she identified in the courtroom as the Defendant. The victim stated that she was related to the Defendant and had known him her whole life. The victim recalled that, while in Memphis, she attended kindergarten at an elementary school, and the Defendant used to walk her to and from school.

The victim recalled an incident at her home when the Defendant "yelled at" her to take off her pants and underwear while his pants were around his ankles. She said he "spit" in her vagina. The Defendant put the victim on her side and tried to "put his private part" inside her and "hurt" the victim in doing so. The victim recalled that this incident occurred in her bedroom while her mother was at work and her brother was at daycare. The Defendant laid down on the victim's bed on his back and she laid down on top of him on her stomach. The Defendant put his hands on the victim's hips and was "forcing [her] to move back and forth." The victim stated that his "private part" was touching her "private part" which she explained were the parts that are used to go to the bathroom. She stated that it hurt and that his penis touched her on the inside and the outside of her vagina. The victim told the Defendant he was hurting her, but he did not stop. The Defendant put the victim on her side and tried to penetrate her with his penis which she said hurt. Afterward, the Defendant got dressed, told the victim to get dressed, and walked her to school.

The victim testified that, when her mother picked her up from school that day, the victim told her what happened that morning. The victim's mother took her to have a rape kit performed and called the police who arrested the Defendant.

On cross-examination, the victim recalled that the Defendant shared a bedroom with her mother and lived with them for about a month. The victim and her brother shared a second bedroom. The victim recalled that, at some point, her father had lived at the residence while the Defendant was there and that her father slept in the basement. The victim stated that the Defendant was "mean" and that she wanted her parents to be together.

The victim's mother testified that she lived in Memphis with the victim and her son from 2016 through 2018. The Defendant moved in with them in January of 2017. She stated that the Defendant was her ex-husband's first cousin. At some point, the Defendant and the victim's mother began a romantic relationship. The victim's mother stated that her ex-husband, the victim's father, moved back into the house in April of 2017 in an attempt for them to reconcile. The Defendant continued to live there as well. The victim's mother testified that on May 10, 2017, she left home with her son, and the victim stayed behind with the Defendant. The victim was six years old at the time, and the Defendant intended to walk her to school that day. When the victim's mother retrieved her from school at the end of the day, the victim told her that the Defendant had "abused" her. The victim's mother called the police who took a statement from the victim and took her for a medical

2

rap kit that afternoon. Law enforcement also collected evidence from the victim's bedroom.

Officer Dennis Williams testified that he worked for the Memphis Police Department and responded to the victim's residence in May of 2017. Officer Williams spoke with the victim who reported she had been assaulted by the Defendant. Officer Michael Spearman, also of the Memphis Police Department, testified that he responded to the victim's residence and collected physical items of evidence. DNA samples from the victim's vagina, anus, and mouth were also collected.

Teresa Onry, a forensic interviewer employed by the Memphis Child Advocacy Center, identified a video recording of her interview with the victim, which was played for the jury. Ms. Onry was employed by the Memphis Child Advocacy Center and had been conducting interviews of this kind for twelve years. Ms. Onry interviewed the victim, which was video recorded and played for the jury. During the interview, the victim revealed to Ms. Onry that the Defendant had come into her bedroom on the morning of May 10 and pulled both his and her pants down. The victim stated, "[The Defendant] set on top of me and put his [penis] on my leg." She said the Defendant opened her legs and rubbed his penis on her vagina and anal area in a backward and forward motion. The victim stated that the Defendant spit on her vagina and told her to put her mouth on his penis.

Lieutenant Anthony Lee testified that he worked for the Memphis Police Department in the Juvenile Sex Crimes division and made contact with the victim at the Rape Crisis Center. Lieutenant Lee obtained DNA samples from the Defendant. Special Agent Kristyn Meyers testified as an expert in the field of forensic science and as an employee of the Tennessee Bureau of Investigation. Agent Meyers testified that the Defendant's DNA was identified as consistent with the DNA in the vaginal swab taken from the victim.

Based on this evidence, the jury convicted the Defendant of one count of rape of a child and the trial court sentenced the Defendant to twenty-eight years. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends that the evidence is insufficient to support his conviction for rape of a child. He contends that there was insufficient proof of penetration for the rape of a child conviction. The State responds that the evidence was sufficient to prove that the Defendant's penis touched the victim's vagina and/or anal area and that penetration, however slight, was proven by the presence of the Defendant's DNA in her vaginal swab. We agree with the State.

When an accused challenges the sufficiency of the evidence, this court's standard

of review is whether, after considering the evidence in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see* Tenn. R. App. P. 13(e); *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (citing *State v. Reid*, 91 S.W.3d 247, 276 (Tenn. 2002)). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999) (citing *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990)). In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence. *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973). "The jury decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958)). "The standard of review [for sufficiency of the evidence] 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

In determining the sufficiency of the evidence, this court should not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999) (citing *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956)). "Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). "'A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State.'" *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978) (quoting *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973)). The Tennessee Supreme Court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523, 527 (Tenn. 1963)). This court must afford the State the "'strongest legitimate view of the evidence'" contained in the record, as well as "'all reasonable and legitimate inferences'" that may be drawn from the evidence. *Goodwin*, 143 S.W.3d at 775 (quoting *State v. Smith*,

24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000).

As charged here, rape of a child is the "unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is more than three (3) years of age but less than thirteen (13) years of age." T.C.A. § 39-13-522 (2019). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital . . . openings of the victim's . . . body [.]" *Id.* § 39-13-501(7). In order to find a defendant guilty of rape of a child, the State must prove beyond a reasonable doubt: (1) that the defendant had unlawful sexual penetration of the alleged victim or the alleged victim had unlawful sexual penetration of the defendant; (2) that the alleged victim was more than three (3) years of age but less than thirteen (13) years of age; and (3) that the defendant acted either intentionally, knowingly or recklessly. *See* 7 Tenn. Prac. Pattern Jury Instr. T.P.I.-Crim. 10.12. "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body . . . ." T.C.A. § 39-13-501(7).

The evidence viewed in the light most favorable to the State was that the Defendant pulled his and the victim's pants down and put his penis on or near the victim's vagina or anus and rubbed it back and forth on her genitalia. His DNA was consistent with DNA found on a vaginal swab of the victim's vagina. This is sufficient evidence from which a jury could conclude that penetration, "however slight," occurred. The victim was six years old at the time. This is sufficient evidence from which a jury could conclude beyond a reasonable doubt that the Defendant was guilty of rape of a child. The Defendant is not entitled to relief.

## III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE